UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA – ORLANDO DIVISION

CASE NO. 6:16-bk-08149-KSJ
CHAPTER 13

IN RE:

Hope G Reyes fka Hope G Valadez,
Debtor(s)
_____/

FEDERAL NATIONAL MORTGAGE ASSOCIATION'S
OBJECTION TO CONFIRMATION OF DEBTOR'S PLAN (DE-7)
*(8005 Grovemont Estates Rd, Groveland, Florida 34736)*

**COMES NOW**, Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, its Successors and/or Assigns (hereinafter "Secured Creditor"), by and through its undersigned attorney, as and for its Objection to Confirmation of Debtor(s)'Chapter 13 Plan (Docket No. 7) and states as follows:

1. Secured Creditor holds a first mortgage on the real property owned by the Debtor(s) and located at **8005 Grovemont Estates Rd, Groveland, Florida 34736**, by virtue of a Mortgage which is recorded in the Public Records of Lake County, Florida.

2. The Chapter 13 Plan (Docket No. 7) proposed by the Debtor on December 21, 2016 includes payment toward the mortgage account with Secured Creditor. However, the amount proposed is incorrect.

3. Secured Creditor's timely-filed Proof of Claim # 3 contemplates a total secured claim of $23,697.45. Pursuant to the terms of the promissory note, the loan will mature on May 1, 2008. As a result, Secured Creditor's total debt will be due over the life of the Chapter 13 Plan.

16-04292 SET
V4.20161205

4. However, the Debtor's Plan proposes to pay Secured Creditor a total debt of only $18,000.00 at 5.25% interest. Therefore, Secured Creditor contends that the Debtor's Chapter 13 Plan is not in compliance with the requirements of 11 U.S.C. §1322(b)(3) and 1325(a)(5) and cannot be confirmed. Accordingly, Secured Creditor objects to any Plan that proposes to pay Secured Creditor a total debt of less than $23,697.45 at 5.25% interest over the life of the Plan.

**WHEREFORE**, Secured Creditor respectfully requests that the Court enters an Order denying confirmation of the Debtor(s)' proposed Chapter 13 Plan unless such Plan is amended to overcome the objections of Secured Creditor as stated herein, or, in the alternative, for dismissal of the case pursuant to of 11 U.S.C. §1307 (c)(5), and for such other and further relief as to the Court may deem just and proper.

Dated this 18th day of April, 2017.

Respectfully Submitted,

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By: _____
☐ Marc G. Granger, Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☐ Taji Foreman, Esq., Fla. Bar No.: 58606

16-04292 SET
V4.20161205

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed and/or mailed to all parties listed below this ___18th___ day of April, 2017.

Hope G Reyes
8005 Grovemont Estate Rd
Groveland, Florida 34736

Joel L. Gross, Esq.
Attorney for Debtor(s)
655 West Highway 50, Suite 101
Clermont, Florida 34711

Laurie K. Weatherford, Trustee
Post Office Box 3450
Winter Park, Florida 32790

United States Trustee
United States Trustee – ORL 7/13, 7
400 West Washington Street, Suite 1100
Orlando, FL 32801

Respectfully Submitted,

**Kahane & Associates, P.A.**
8201 Peters Road, Suite 3000
Plantation, Florida 33324
Telephone: (954) 382-3486
Telefacsimile: (954) 382-5380

By: _____
☐ Marc G. Granger, Esq., Fla. Bar No.: 146870
☐ Gregg S. Ahrens, Esq., Fla. Bar No.: 352837
☒ Taji Foreman, Esq., Fla. Bar No.: 58606

16-04292 SET
V4.20161205